07-3765-ag
Zheng v. Holder

BIA
Brennan, IJ
A073-177-441

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand nine.

PRESENT:
        ROGER J. MINER,
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
                Circuit Judges

_____

XIANG JIN ZHENG,
        Petitioner,

        v.                                        07-3765-ag
                                                  NAC
ERIC H. HOLDER JR., U.S. ATTORNEY
GENERAL,* BOARD OF IMMIGRATION APPEALS,
        Respondents.

_____

_____

        * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

FOR PETITIONER:       Henry Zhang, Zhang and Associates,
                      P.C., New York, New York.

FOR RESPONDENTS:      Jeffrey S. Bucholtz, Acting
                      Assistant Attorney General, Civil
                      Division, M. Jocelyn Lopez Wright,
                      Assistant Director, Brianne Whelan
                      Cohen, Trial Attorney, Office of
                      Immigration Litigation, Civil
                      Division, United States Department
                      of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED, in part, and DENIED, in part.

Xiang Jin Zheng, a native and citizen of the People's Republic of China, has filed a petition for review of an August 6, 2007 order of the BIA declining to reopen her deportation proceedings. In re Xiang Jin Zheng, No. A 073 177 441 (B.I.A. Aug. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I.    The BIA's April 2005 Decision

Though she filed a petition for review that was timely as to the BIA's August 2007 order, Zheng also challenges an April 2005 BIA order, in which it reversed the decision of an immigration judge granting asylum. The government argues

2

that this Court lacks jurisdiction to review the BIA's April 2005 decision. We agree. This Court has jurisdiction to consider "final" orders of removal in immigration cases, see 8 U.S.C. § 1252(a)(1), and we have held that "a BIA order denying relief from removal and remanding for the sole purpose of considering voluntary departure is a final order of removal that this Court has jurisdiction to review." See Alibasic v. Mukasey, 547 F.3d 78, 83-84 (2d Cir. 2008); see also Arias Chupina v. Holder, 570 F.3d 99, 103-05 (2d Cir. 2009)(per curiam). Although Zheng filed a timely petition for review of the BIA's April 2005 decision, she withdrew it with prejudice. Because the current petition for review is timely only with respect to the BIA's August 2007 order, we lack jurisdiction to address the BIA's April 2005 decision. See Stone v. INS, 514 U.S. 386, 405 (1995) (holding that the Court treats each petition for review as challenging only the BIA decision from which it was timely filed); Samuels v. Northern Telecom, Inc., 942 F.2d 834, 837 (2d Cir. 1991) ("Res judicata may not be avoided on the basis of . . . an attorney's ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice."). Accordingly, Zheng's petition for review is dismissed to the extent she challenges the BIA's April 2005 order.

**II. The BIA's August 2007 Order**

We review the BIA's denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006)(per curiam). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Zheng's motion to reopen because she failed to demonstrate her prima facie eligibility for relief. See INS v. Abudu, 485 U.S. 94, 104-05 (1988). We have previously reviewed the BIA's consideration of evidence similar to that which Zheng submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or an objectively reasonable fear of persecution. See Jian Hui Shao, 546 F.3d at 169-72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,]

4

. . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Nothing in the record compels us to conclude, as Zheng argues, that the BIA ignored the evidence she submitted or the arguments she made, evidence and arguments the BIA is asked to consider time and again. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Finally, we decline Zheng's request to remand for the agency to consider evidence that was not in the administrative record. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269 (2d Cir. 2007); see also 8 U.S.C. § 1252(b)(4)(A).

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5